# EXHIBIT 1

Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Trevor Weinberg, SBN 330778
(tw@haffnerlawyers.com)
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff Clara Druzgalski and all others similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/16/2024 2:22 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CLARA DRUZGALSKI, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 24STCV04032<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CONSUMER LEGAL REMEDIES ACT;**<br><br>**(2) NEGLIGENCE; AND**<br><br>**(3) UNFAIR BUSINESS PRACTICES.**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
**CLASS ACTION COMPLAINT**

Plaintiff Clara Druzgalski ("Plaintiff") brings this class action against Defendant CVS Health Corporation ("Defendant" or "CVS"), and Does 1-10, and respectfully alleges the following:

**NATURE OF THE ACTION**

1. This is a class action for violation of the Consumer Legal Remedies Act, Negligence, and Unfair Business Practices, arising out of Defendant's distribution of the wrong respiratory syncytial virus ("RSV") vaccine. As alleged herein, the CVS gave Plaintiff and class members the Arexvy vaccine instead of the Abrysvo vaccine. The Arexvy vaccine is untested for pregnant women and children, and has caused serious injury to class members.

2. Plaintiff seeks for herself and the Class compensatory damages, punitive damages, and restitutionary disgorgement. Plaintiff seeks to represent the following Classes in this matter:

**Class 1**: All California residents who were incorrectly administered the Arexvy vaccine by Defendant instead of Abrysvo.

**Class 2**: All pregnant California residents who were incorrectly administered the Arexvy vaccine by Defendant instead of Abrysvo.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California, or at least one Defendant resides in the state of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more Defendant resides within the venue of this court.

**PARTIES**

4. Plaintiff Clara Druzgalski, was, at all relevant times, a citizen of the State of California, and resident in the County of Los Angeles.

5. Defendant CVS Health Corporation was, at all relevant times, a Company doing business in the County of Los Angeles, State of California.

- 2 -
**CLASS ACTION COMPLAINT**

6. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

7. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Defendant CVS is known throughout the United States as a pharmacy who distributes vaccines and related products, including the RSV vaccine, to customers.

9. Defendant represented and advertised on its website that people can receive the RSV vaccination at a CVS Pharmacy.

10. Many of Defendant's advertising was directed to pregnant women. In fact, the CVS website states: "Women who are 32 through 36 weeks pregnant during September through January are recommended by the CDC to get one dose of maternal RSV vaccine to help protect their babies."

11. Although there are two vaccines available for RSV, only one of them – Abrysvo – was approved for pregnant women.

12. Arexvy has not been tested or approved for use on pregnant women or children. In

fact, evidence from animal testing "strongly suggests" that Arexvy might exacerbate RSV infection in children younger than 2, rather than mitigate it.

13. On October 14, 2023, Plaintiff went to the CVS Pharmacy located at 4400 E. Los Coyotes Diagonal, Long Beach, California 90815 to receive the respiratory syncytial virus ("RSV") vaccine. Plaintiff was pregnant at the time.

14. CVS then administered Plaintiff with the Arexvy vaccine, which was untested and likely harmful to Plaintiff and her unborn child.

15. Plaintiff, and her child, have suffered damage as the result of Defendant administering an incorrect, and dangerous, vaccine.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **Class 1**: All California residents who were incorrectly administered the Arexvy vaccine by Defendant instead of Abrysvo.
>
> **Class 2**: All pregnant California residents who were incorrectly administered the Arexvy vaccine by Defendant instead of Abrysvo.

17. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

18. This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure § 382 and other applicable laws.

19. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

20. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual

questions include:

    a. Whether Defendant CVS administered the wrong RSV vaccine to Plaintiff and Class members;

    b. Whether Defendant violated Civil Code §1770(a)(5) or the CLRA;

    c. Whether Defendant violated Civil Code §1770(a)(7) or the CLRA;

    d. Whether Defendant violated Civil Code §1770(a)(9) or the CLRA;

    e. Whether Defendant violated Civil Code §1770(a)(16) or the CLRA;

    f. Whether Defendant was negligent in administering the wrong RSV vaccine to Plaintiff and Class members;

    g. Whether Defendant's conduct in connection with administering the wrong RSV vaccine is an unlawful business practice;

    h. Whether Defendant's conduct in connection with administering the wrong RSV vaccine is an unfair business practice

    i. The nature and extent of class-wide injury and the measure of damages for the injury.

21. **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes she represents because Plaintiff was a pregnant woman was administered Arexvy instead of Abrysvo by Defendant. Plaintiff and the members of the classes she represents sustained the same or similar types of damages and losses.

22. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and her counsel.

23. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually

- 5 -
**CLASS ACTION COMPLAINT**

impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

24. The Class(es) should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**(Violation of Consumer Legal Remedies Act)**
**(By Plaintiff and all class members against all Defendants)**

25. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

26. This cause of action is brought under the Consumer Legal Remedies Act, California Civil Code §1750 *et seq*. Plaintiff and members of the Class are consumers as defined by California Civil Code §1761(d). Defendant's RSV vaccines at issue are goods within the meaning of Civil Code §1761(a).

27. Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff

and members of the Class, which were intended to result in, and did result in, the distribution of RSV vaccines:

    a. Representing that goods . . . have . . . characteristics, . . . [or] uses . . . which they do not have, in violation of Civil Code §1770(a)(5);

    b. Representing that goods . . . are of a particular standard . . ., if they are of another, in violation of Civil Code §1770(a)(7);

    c. Advertising goods . . . with intent not to sell them as advertised, in violation of Civil Code §1770(a)(9).

    d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of Civil Code §1770(a)(16).

28. Defendants have undertaken unfair methods of competition and unfair or deceptive acts or practices in transactions intended to result or which results in the sale of goods and/or services to a consumer, as alleged herein.

29. As a result of the employment by Defendants of the above-alleged methods, acts, and practices, Plaintiff and the class suffered damage within the meaning of Civil Code §1780(a), entitling them to injunctive relief. Pursuant to Civil Code §1782(d), Plaintiff and the class further intend to seek compensatory damages and/or restitution, and, in light of Defendants' willful and conscious disregard of the safety and rights of Plaintiff and the class, Plaintiff and the class also intend to seek an award of punitive damages. Plaintiff will amend the complaint to add requests for damages at the appropriate time, pursuant to Civil Code §1782(d).

30. As a proximate result of Defendant's violations of the CLRA, Plaintiff and the Class request that Defendant be enjoined from engaging in the aforementioned conduct in violation of the CLRA.

**SECOND CAUSE OF ACTION**
**(Negligence )**
**(By Plaintiff and all class members against all Defendants)**

31. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

32. Defendant had a duty to lawfully and/or properly distribute the correct RSV

vaccine to Plaintiff and Class members, and use reasonable care in doing so.

33. Plaintiff is informed and believes, and thereon alleges, that Defendant negligently, carelessly, and recklessly administered the Arexvy vaccine instead of Abrysvo vaccine to pregnant women and young children, despite the Arexvy vaccine being untested and likely harmful to their health.

34. As a direct and proximate result of the negligent, careless and reckless acts of Defendant, and each of them, Plaintiff and class members suffered substantial and significant injuries and damages, according to proof.

## THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
**(By Plaintiff and all class members against all Defendants)**

35. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

36. This cause of action is brought by Plaintiff and the Class under California Business & Professions Code §17200, et seq. (the "UCL"). Section 17200 of the UCL prohibits any unlawful, unfair, or fraudulent business practices.

37. Through the actions alleged herein, Defendants have engaged in unfair competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

38. Defendants' unlawful conduct includes, but is not limited to, violation of the CLRA. Defendant's fraudulent conduct includes, but is not limited to, failing to disclose that they gave the wrong RSV vaccine to Plaintiff and class members. Defendants unfair conduct includes, but is not limited to, distributing the wrong RSV vaccine to Plaintiff and Class members, as alleged herein.

39. Plaintiff has standing to assert this claim because she has suffered injury in fact as a result of Defendant's conduct.

40. Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct

alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

    A.  An order that this action may proceed and be maintained as a class action;

    B.  Awarding Plaintiff and Class members compensatory damages in an amount according to proof at trial;

    C.  Awarding restitutionary disgorgement from Defendants to Plaintiff and the Class;

    D.  Attorney's fees and costs;

    E.  For such other relief the Court deems just and proper.

DATED: February 16, 2024                **HAFFNER LAW PC**

By: _____
Joshua H. Haffner
Trevor Weinberg
Attorneys for Plaintiff and others
Similarly situated

1 | **DEMAND FOR JURY TRIAL**

2 |     Plaintiff demands a trial by jury for herself and the Class members on all claims or causes of action so triable.

DATED: February 16, 2024

**HAFFNER LAW PC**

By: _____
Joshua H. Haffner
Trevor Weinberg
Attorneys for Plaintiff and others
Similarly situated