UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 1 of 7 |

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE CLASS CLAIMS [13] [16]**

This matter is before the Court on two motions: Plaintiff Clara Druzgalski's motion to remand this action to the Los Angeles County Superior Court [Doc. # 13 ("MTR")] and Defendant CVS Pharmacy, Inc.'s ("CVS") motion to dismiss and/or strike class claims [Doc. # 16 ("MTD")]. Both motions are fully briefed. [Doc. ## 18 ("MTR Opp."), 19 ("MTD Opp."), 20 ("MTD Reply"), 21 ("MTR Reply").]

Having carefully considered the parties' written submissions, and for the reasons stated below, the Court **DENIES** Druzgalski's MTR and **GRANTS** CVS's MTD.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Druzgalski alleges that on October 14, 2023, while she was pregnant, CVS erroneously administered her the Arexvy vaccine, a brand of respiratory syncytial virus ("RSV") vaccine that is not tested or approved for use on pregnant individuals. Compl. ¶¶ 13, 14 [Doc. # 1-3]. Instead of using the Abrysvo vaccine, which is approved for use on pregnant women, CVS gave her and putative Class Members the Arexvy vaccine. *Id.* ¶ 1. She also alleges that CVS advertised on its website that people can receive the RSV vaccine at its pharmacies, and directed its advertising towards pregnant individuals. *Id.* ¶¶ 9–10.

On February 16, 2024, Druzgalski filed a Class Action Complaint against CVS in the Los Angeles County Superior Court, alleging the following causes of action: (1) violation of Consumer Legal Remedies Act ("CLRA"), (2) negligence, and (3) violation of California's Unfair Competition Act ("UCL"). *Id.* ¶ 1. Druzgalski seeks to represent two proposed classes: (1) "[a]ll California residents who were incorrectly administered the Arexvy vaccine by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
|---|---|---|---|
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 2 of 7 |

Defendant instead of Abrysvo," and (2) "a[ll] pregnant California residents who were incorrectly administered the Arexvy vaccine by Defendant instead of Abrysvo." *Id.* ¶ 2.

On May 13, 2024, CVS filed a Notice of Removal asserting federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA") and, alternatively, under diversity jurisdiction. *See* Ntc. of Removal ¶¶ 3–4 [Doc. # 1].

## II.
## LEGAL STANDARD

### A.   Motion to Remand

Pursuant to 28 U.S.C. section 1332(a)(2), a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. An action may be removed to a federal district court on the basis of diversity jurisdiction. *See* 28 U.S.C. section 1441(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.") Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citation omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Id.* at 566–67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

"A district court may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citations and quotation marks omitted); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails" to prove to a preponderance of the evidence with "summary judgment-type

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 3 of 7 |

evidence" that the fees will be incurred."). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Singer*, 116 F.3d at 377.

**B.    Motion to Dismiss**

Under Rule 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

For claims based upon fraud or mistake, Rule (b) imposes a heightened pleading standard. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). Under Rule 9(b)'s heightened pleading standard, Druzgalski must state with "particularity the circumstances constituting the fraud or mistake," meaning she must state the "who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Finally, Druzgalski must also state "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson*, 889 F.3d at 964.

**III.
DISCUSSION**

**A.    Motion to Remand**[1]

For the purpose of this MTR, CVS concedes that there may not be CAFA jurisdiction over Druzgalski's claims and focuses its arguments on "standard" diversity jurisdiction, so the

---

[1] The parties dedicate significant time in their briefing to casting aspersions at each other regarding whether there was meaningful Local Rule 7-3 compliance before filing this motion. *See* MTR Opp. at 8–9; MTR Reply at 3–4. Given that the Motion is fully briefed and that there was little likelihood that the parties would have agreed to anything during their Local Rule 7-3 conference, the Court will address this Motion on its merits. Any future failure to comply with both the spirit and the letter of Local Rule 7-3 may result in the imposition of sanctions, including but not limited to the summary denial of the non-compliant motion.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
|---|---|---|---|
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 4 of 7 |

Court will focus its analysis there. *See* MTR Opp. at 15.[2] Drugzalski focuses on the statute's amount-in-controversy requirement. *See* MTR at 3; *see also* 28 U.S.C. 1332(d)(2).

### 1. Damages

Druzgalski's complaint does not specify the damages sought, so CVS attempts to satisfy its burden by referencing "available comparison data" from the Health Resources & Services Administration ("HRSA"), which lists damages awards paid through the National Vaccine Injury Compensation Program. *See* MTR Opp. at 12–13. In doing so, CVS argues that the $75,000 jurisdictional threshold is satisfied because the data demonstrates that the average award for proven vaccine personal injury claims has averaged more than $150,000 per claim over the last five fiscal years. *Id.*

CVS does not describe, however, how the claims listed in the HRSA report are analogous to the case at hand. Since it is defending this MTR on the basis of traditional diversity jurisdiction, and not CAFA jurisdiction, only the amount-in-controversy of Druzgalski's individual claim will be considered. *Cf. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566 (2005) (Section 1332(a) jurisdiction existed where $75,000 amount-in-controversy was met by single named plaintiff in class action); *see also Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that each named plaintiffs' claim must be analyzed separately for amount-in-controversy to be met).

The HRSA report, by itself, does not meet CVS's burden to prove that at least $75,000 is in controversy in this case. As Drugzalski points out in her Reply, CVS does not attempt to analogize the cases in that table to the instant case or specify what types of injuries were at issue in those cases. *See* MTR Reply at 6–7.

### 2. Attorneys' Fees

"Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Fritsch*, 899 F.3d at 794 ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Here, Druzgalski's CLRA claim entitles her counsel to recover attorneys' fees. *See* Cal. Civ. Code § 1780(e).

---

[2] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
|---|---|---|---|
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 5 of 7 |

CVS provides significant evidence of other attorneys' fees awards and uses those as an estimate of likely billing in this case. *See* Decl. of Garrett S. Llewellyn ISO MTR Opp. ¶¶ 7–12 [Doc. # 18-2]. Many of these examples are from class actions and therefore cannot be compared to attorneys' fees for Druzgalski's individual action, but the evidence of Plaintiff's counsel's billing rates for associates and partners at his firm is probative of the likely award in this case. This moves CVS's assertion of likely fees over the line from "mere speculation and conjecture," to the realm of a "[]reasonable assumption[.]" *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Even though CVS does not provide sufficient evidence to show that damages alone are squarely within the threshold of $75,000, Druzgalski does plead "substantial and significant injuries and damages" that, together with the attorneys' fees, meets CVS's burden to show the amount-in-controversy for her claim is likely to exceed the jurisdictional minimum.

**B.      Motion to Dismiss[3]**

    **1.   Injury-in-Fact**

To have Article III standing, a plaintiff must allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

To bring a UCL claim, a plaintiff must also allege actual harm—that is, lost money or property as a result of the unfair competition. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (citing Cal. Bus. & Prof. Code § 17204; *Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009)); *see also Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 322–23 (2011). Druzgalski's Opposition does not address CVS's argument that she failed to allege an actual injury sufficient to allege her UCL claim, and she therefore concedes this point. *See Stitchting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forth in an

---

[3] This Court rejects Druzgalski's argument in her Opposition that Rule 12(b)(6) cannot be used to dismiss alternative theories of liability rather than wholesale claims. *See* Opp. at 9–10. While she cites certain unpublished orders applying that rule, *see id.*, it serves judicial efficiency (and conserves the resources of the parties) to not allow discovery on an implausible theory of recovery. This logic seems particularly compelling in UCL cases, given the various "separate and distinct" theories of liability that can be alleged under the umbrella of each individual claim. *See Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1044 (C.D. Cal. 2022) (citation omitted); *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 6 of 7 |

opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (internal brackets and citation omitted).

Druzgalski asserts that she adequately alleges harm sufficient to sustain her CLRA and negligence causes of action. *See* MTD Opp. at 8. In her Complaint, however, the allegations are cursory. For example, she alleges that "Plaintiff, and her child, have suffered damage as the result of Defendant administering an incorrect, and dangerous vaccine," Compl. ¶ 15, "Plaintiff and the class suffered damage within the meaning of Civil Code 1870(a)," *id.* ¶ 29, "Plaintiff and class members suffered substantial and significant injuries and damages, according to proof," *id.* ¶ 34, and "Plaintiff has standing to assert this claim because she has suffered injury in fact as a result of Defendant's conduct," *id.* ¶ 39.

These allegations are insufficient for Article III standing, let alone to show actual harm required for a CLRA or UCL claim with any specificity. To have UCL and CLRA standing, a plaintiff must allege that she suffered an economic injury, usually by alleging that she would not have purchased the product or would have paid less for it if the seller had not misrepresented it. *See In re ZF-TRW Airbag Control Units Products Liability Litigation*, 601 F. Supp. 3d 625, 763–64 (C.D. Cal. 2022) (citations omitted). Druzgalski does not do so here. Her allegation that testing "strongly suggests" that Arexvy "might" exacerbate RSV infection in young children is overly speculative and insufficient to establish an injury-in-fact for her negligence claim let alone the causation element. *See* Compl. ¶ 12; *see also* MTD at 11–12; MTD Opp. at 5; MTD Reply at 6; *cf. Twombly*, 550 U.S. at 555.

In sum, Druzgalski's Complaint fails to adequately allege that she has standing to allege these claims and her Complaint is **DISMISSED**. Since it is not clear whether additional facts could cure these deficiencies, the Court **GRANTS leave to amend** her allegations regarding her injury-in-fact and causation.

### 2. Rule 9

For the sake of efficiency, the Court will briefly address another deficiency in Druzgalski's Complaint. Since her UCL and CLRA claims "sound in fraud," they are subject to Rule 9's heightened pleading standard. *See* MTD at 12–13. Even if she had shown standing to bring her claims, her allegations would fail under Rule 9 because she has not stated the "who, what, when, where, and how" of the misconduct charged. *See Vess*, 317 F.3d at 1106. Specifically, she did not allege having seen or relied on any false statements by CVS, nor any details about the alleged advertisements containing false statements, or any statement by the CVS employee who administered the vaccine on which she relied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3975-DMG (KSx) | Date | March 17, 2025 |
|---|---|---|---|
| Title | *Druzgalski v. CVS Pharmacy, Inc., et al.* | Page | 7 of 7 |

If Druzgalski files a First Amended Complaint, she must also amend her allegations supporting her UCL and CLRA claims to comport with the heightened pleading requirements of Rule 9.

## IV.
## CONCLUSION

In the light of the foregoing, Plaintiff's MTR is **DENIED** and Defendant's MTD is **GRANTED**, **with leave to amend** the allegations discussed in this Order. Defendant's motion to strike is **DENIED as moot**. Druzgalski must file a First Amended Complaint, or a Notice of Intent Not to Amend, by **April 7, 2025**. Defendant's response shall be due 21 days after the filing of an amended complaint.

**IT IS SO ORDERED**.